UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ANTONI A. RUMIERZ, <br><br> Plaintiff, <br><br> v. <br><br> SHERIFF, PASSAIC COUNTY JAIL, et al., <br><br> Defendants. | Civ. Action No. 02-6146 (KSH) <br><br><br> OPINION |

**KATHARINE S. HAYDEN, U.S.D.J.**

I.    INTRODUCTION

      Plaintiff Antoni Rumierz ("Rumierz"), an INS detainee for the past 10 years, complains of the lack of dental treatment afforded to him while he was confined at the Passaic County Jail for over a year in the period 2000-2001.  He alleges that the Sheriff, Warden, Medical Director, and Local Dentist of the Passaic County Jail (collectively "defendants"), violated his constitutional rights by failing to provide him with adequate dental care through the implementation of an "extraction-only" policy for dental treatment.  Rumierz has filed a motion for summary judgment on the issue of liability, claiming that defendants' admission of maintaining an extraction-only policy resolves the only issue necessary to establish liability.  For the reasons that follow, the Court disagrees.  Plaintiff's motion for summary judgment is **denied**.

II.    STANDARD

      Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must draw "all reasonable inferences from the underlying facts in the light most favorable to the non-moving party." Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000).

The Court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002) (citations omitted).

### III. PROCEDURAL HISTORY

Rumierz filed a *pro se* complaint on December 20, 2002 alleging an Eighth Amendment claim for denial of adequate medical care. Specifically, Rumierz claims that he sought dental treatment on numerous occasions but that defendants showed deliberate indifference to his serious dental condition by failing to provide him with any dental treatment except to propose extraction of the problem teeth. Defendants have unequivocally maintained throughout the course of this suit that they provided Rumierz with adequate dental care.

Rumierz appeared *pro se* from the filing of the complaint in December 2002 up until April 2005. After counsel was appointed, defendants filed a motion for summary judgment. Defendants' motion was a combination of an attack on Rumierz's proofs as failing to meet the constitutional requirements for deliberate indifference and a procedural challenge to the named defendants. Defendants declared in their brief that Rumierz was, in fact, provided with proper medical treatment

throughout the course of his detention. Notwithstanding this assertion, defense counsel conceded at oral argument on December 8, 2005 that the Passaic County Jail maintained an extraction-only policy.[1] The Court held that defendants were not entitled to judgment as a matter of law.

On March 1, 2006, defendants requested in a letter that the Court entertain its motion for summary judgment again in light of new information that defendants do *not* maintain an extraction-only policy for dental work. The letter was accompanied by a two-page excerpt of a document titled "Passaic County Jail – Medical Department Standard Operating Procedures." Specifically, the document states:

> The dentist employed by the Passaic County Jail shall conduct dentist call twice a week on Tuesday and Thursday afternoons for whoever requests to see the dentist as well as all emergencies. The dentist shall be licensed to practice in the State of New Jersey *and will evaluate the dental problem and take appropriate action necessary for correction of said problem, i.e. extractions, fillings, x-rays, etc.* In the event an inmate has an abscess, s/he will receive analgesics and antibiotics and will be scheduled for dentist call. Recommendations for oral surgery will come from the jail dentist, Medical Director or nurse practitioner. The medical secretary will schedule appointments, after approval of the medical director.

(Attachment to Letter from Carmen Cortes Sykes, Esq. to the Court dated March 1, 2006; emphasis added.) The Court denied defendants' informal application, stating that the information was "untimely and, at best, creates an issue of fact." (Order filed March 9, 2006, Doc. # 66.)

Now Rumierz has filed a motion for summary judgment on the issue of liability. He argues that defendants' admission of an extraction-only policy at oral argument resolved the only issue

---

[1] The Court has not reviewed the transcript to determine the exact words used by defense counsel at oral argument. Defendants do not go as far to say in their brief that they "admitted" to maintaining in extraction-only policy at oral argument. Instead, defendants state that defense counsel "conceded that they *could not deny the existence of* an extraction-only policy given the materials that were provided by the client." Def. Br. at 1 (emphasis added). The distinction is not relevant for purposes of this motion.

necessary to establish liability and that the Court's denial of defendants' informal application precludes them from providing evidence to the contrary.

## IV. DISCUSSION

To establish that defendants violated his Eight Amendment right to be free from cruel and unusual punishment, Rumierz must establish that they acted with "deliberate indifference to [his] serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Rumierz claims that the only dental treatment option he was presented with was extraction and that this constitutes *per se* deliberate indifference on the part of defendants. Defendants disagree and argue that they provided him with the appropriate level of dental care.

Rumierz places great weight on the fact that defense counsel conceded to the existence of an extraction-only policy at oral argument on December 8, 2005. However, defendants subsequently provided the Court with a document to support their changed position. The document does not conclusively establish whether or not defendants maintained an extraction-only policy during the time that Rumierz was in custody at the Passaic County Jail (2000-2001). In fact, on its face appears language that the document was last revised on March 17, 2005, leaving open the question about the existing policy in 2000-2001. At this point, the issue of whether the Passaic County Jail maintained an extraction-only policy remains unclear, something the Court indicated when it refused to re-open dispositive motion practice after reviewing the late-discovered document.

Even if the Court were to accept defendants' concession to an extraction-only policy, summary judgment in favor of Rumierz would still not be warranted. It must be remembered that defendants lost on summary judgment when it appeared they had an extraction-only policy, because such a policy has been deemed constitutionally offensive. This refuted their argument that Rumierz

had failed to establish a claim under the Eighth Amendment. Subsequently, the Court denied summary judgment in their favor based on the inconclusive document. While this means plaintiff may bring his constitutional claim before a jury, it does not mean that the issue of liability is decided in his favor. Arguably, if defendants can establish that extraction was the appropriate medical decision given the condition of Rumierz's teeth at the time of treatment, the legal implications of an extraction-only policy become less clear.

And Rumierz, who appeared *pro se* during the discovery phase, did not develop a factual record sufficient for this Court to grant summary judgment. He asks that the Court overlook this, arguing that "without any dental records to support a bona fide rebuttal by the Defendants this court should draw an inference that the x-rays were never taken in the first place and that the extraction-only policy was in place." (Pl. Br. at 9.) While there is surface appeal to this position, the record shows that neither party has offered a satisfactory record to permit the Court to conclude as a matter of law that defendants acted with deliberate indifference in treating Rumierz's dental needs.

### V.     CONCLUSION

For all the foregoing reasons, Rumierz's motion for summary judgment is **denied**. An appropriate order will be entered.


Dated:  October 27, 2006                                              /s/Katharine S. Hayden

_____Katharine S. Hayden, U.S.D.J.